UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRENCE ANDREW HARPER, | ) | 1:10-cv-01670-LJO-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS PETITION FOR VIOLATION OF |
| v. | ) | THE ONE-YEAR STATUTE OF |
| | ) | LIMITATIONS (Doc. 1) |
| | ) | |
| KEN CLARK, Warden, | ) | ORDER DIRECTING OBJECTIONS TO BE |
| | ) | FILED WITHIN TWENTY DAYS |
| Respondent. | ) | |
| | ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on July 30, 2010,[1] challenging a December 26, 2007 decision by the Board of Parole Hearings ("BPH")

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the

1  to deny parole suitability for Petitioner.  (Doc. 1, Attach. 1).  A preliminary review of the Petition,
2  however, reveals that the petition may be untimely and should therefore be dismissed.  Accordingly,
3  on September 24, 2010, the Court issued to Petitioner an Order to Show Cause why the petition
4  should not be dismissed as untimely.  (Doc. 11).  That order required that Petitioner file a response
5  within thirty days.  On October 22, 2010, Petitioner filed his response.  For the reasons set forth
6  below, the Court concludes that the petition is untimely and should be dismissed.

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing the September 24, 2010 Order to Show Cause, the Court provided Petitioner with the notice required by the Ninth Circuit in Herbst.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on July 30, 2010, and thus, it is subject to the provisions of the AEDPA.

---

running of the statute of limitation.  Petitioner signed the instant petition on July 30, 2010.  (Doc. 1, p. 21).

2

1    The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

2 petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d)

3 reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The AEDPA's one-year statute of limitations, as embodied in § 2244(d)(1), applies to habeas petitions challenging an administrative decision in the context of a parole board determination. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003). Under subsection (d), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In the context of a parole board decision, the factual basis is the parole board's denial of a petitioner's administrative appeal. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082-1083.

While an inmate is not permitted to lodge an administrative appeal of his parole decisions, see Cal. Code Regs., tit. 15, § 2050 (repealed May 1, 2004), pursuant to California regulations, decisions of the BPH following a hearing are considered "*proposed* decisions and shall be reviewed prior to their effective date in accordance with" specified procedures. Cal. Code Regs., tit. 15, § 2041(a) (2010)(Emphasis supplied). In keeping with this state regulation, the BPH decision in this

1  case indicated that it would not be final for 120 days, i.e., until April 24, 2008. (Doc. 1, Attach. 2, p.
2  33). See Cal. Pen. Code § 3041(a), (b); Cal. Code Regs., tit. 15, § 2041 (f)(inmates sentenced under
3  the Indeterminate Sentencing Law). Thus, although the "factual basis" for Petitioner's claim would
4  have been readily discoverable following the BPH hearing on December 26, 2007, since that
5  decision was only a proposed decision and did not become final until 120 days later, i.e., on April 24,
6  2008, the one-year period would have commenced the following day, i.e., on April 25, 2008. Such a
7  view is consistent with the majority of federal courts in this district who have addressed the problem.
8  See, e.g., Anderson v. Cate, 2010 WL 2793736, * 6 (E.D. Cal. July 14, 2010); Reid v. Haviland,
9  2010 WL 2889757, *2 (E.D. Cal. July 21, 2010); Riley v. Hartley, 2010 WL 2556832, *3-5 (E.D.
10 Cal. June 21, 2010); Stotts v. Sisco, 2009 WL 2591029, *4 (E. D. Cal. Aug. 20, 2009); Nelson v.
11 Clark, 2008 WL 2509509, *7-9 (E.D. Cal. June 23, 2008); Wilson v. Sisto, 2008 WL 4218487, *2
12 (E.D. Cal. Sept. 5, 2008). The one-year period would thus have commenced on April 25, 2008, and
13 would have continued to run, absent applicable statutory or equitable tolling, until it expired 365
14 days later on April 24, 2009.

15      In his response to the Order to Show Cause, Petitioner contends that the one-year period
16 commenced pursuant to subdivision (d)(1)(B), i.e., when an impediment created by State action was
17 removed. (Doc. 11). Petitioner argues that the California Supreme Court's prior controlling
18 decision, In re Rosenkrantz, 29 Cal.4th 616 (2002), and In re Dannenberg, 34 Cal. 4th 1061 (2005),
19 establishing the "highly deferential" former standard of review for parole denial cases of "some
20 evidence," created the "impediment" to habeas relief and that the state high court's subsequent
21 decision in In re Lawrence, 44 Cal.4th 1181 (2008), removed that impediment by creating a "new"
22 standard of review, i.e., current dangerousness. (Doc. 11, p. 3). Thus, according to Petitioner, the
23 one-year period commenced on the day following the California Supreme Court's decision in
24 Lawrence, i.e., on August 22, 2008. This contention is without merit.

25      The California Supreme Court's opinion in Rosenkrantz articulated the "some evidence"
26 standard of review for denial of parole by the BPH and the Governor of California. By so doing,
27 however, it did not create a legal "impediment" to habeas relief in this case; to the contrary,
28 Rosenkrantz provided guidance for federal courts in applying the AEDPA's deferential standard of

4

review to determine whether the state court adjudication applying the Rosenkrantz standard was contrary to or an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d)(1)-(2).  Petitioner does not cite, and the Court is unaware, of any federal precedent holding that a standard of review established by a state supreme court regarding parole denials constitutes an "impediment" within the meaning of subdivision (d)(1)(B).

Similarly, the subsequent opinion in Lawrence, while altering and clarifying the "some evidence" standard of review, did not and could not remove an "impediment" that did not exist.  This Court's inquiry in determining whether the denial of parole comports with the requirement of federal due process is still "whether the California judicial decision approving the governor's [or parole board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'"  Hayward v. Marshall, 603 F.3d 546, 563 (9th Cir. 2010)(*quoting* 28 U.S.C. § 2254(d)(1)-(2)) (footnotes omitted).  As the Ninth Circuit recently observed:

> Under California law, "the paramount consideration for both the Board and the Governor" must be "whether the inmate currently poses a threat to public safety and thus may not be released on parole,"[citation], and "the facts relied upon by the Board or the Governor [must] support the ultimate decision that the inmate remains a threat to public safety.

Cooke v. Solis, 606 F.3d. 1206, 1214 (9th Cir. 2010) (*quoting* Lawrence, 44 Cal.4th at 1210, 1213); *see also* Cal. Code Regs., tit. 15, § 2402(a) ("[I]f in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison," the prisoner must be found unsuitable and denied parole).

In Lawrence, the California Supreme Court held that, "[t]he relevant determination for the Board and the Governor *is, and always has been*, an individualized assessment of the continuing danger and risk to public safety posed by the inmate." Id. at 1227 (noting that "mere recitation of the circumstances of the commitment offense, absent articulation of a rational nexus between those facts and current dangerousness, fails to provide the required "modicum of evidence" of unsuitability") (emphasis supplied).  Thus, the dispositive inquiry for the Court in a parole denial case is "'whether the identified facts are *probative* to the central issue of *current* dangerousness when considered in light of the full record before the Board or the Governor.'" Cooke, 606 F.3d. at 1214 (*quoting*

5

Lawrence, 44 Cal.4th at 1221) (emphasis in original).

Thus, contrary to Petitioner's assertions, the prior standard of review under Rosenkrantz and Dannenberg did not create an "impediment" to habeas relief in this Court, nor, by the same token, did Lawrence "remove" any such impediment. Indeed, as the California Supreme Court's own holding indicates, Lawrence merely clarified the "some evidence" standard of review already applicable to parole denial cases under Rosenkrantz and Dannenberg by precluding the BPH and the Governor from denying parole suitability solely on the basis of the original offense and without a consideration of the applicant's current dangerousness. Lawrence, 44 Cal.4th at 1227. Therefore, Petitioner's theory for a purported starting date for the one-year period, based, as it is, on an illusory and non-existent "impediment," is without merit. Accordingly, as discussed previously, the one-year period commenced on April 25, 2008 and expired on April 24, 2009. Were the Court to follow Petitioner's flawed logic, every time a state high court announced a new decision explaining or construing its established parole standard of review, the one-year statute would commence anew. The Court seriously doubts that the United States Congress had such a flexible statute of limitation in mind when it enacted the AEDPA.

Here, as discussed previously, the instant petition was not filed until July 30, 2010, over fifteen months after the one-year period had expired. Therefore, unless Petitioner is entitled to either statutory or equitable tolling, the petition is untimely and must be dismissed.

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curiam)(internal quotation marks and citations

omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges in his petition that he filed three state habeas petitions: (1) filed in the Superior Court for the County of Marin on July 24, 2009, and denied on October 13, 2009; (2) filed in the California Court of Appeal, First Appellate District, on November 6, 2009, and denied on November 19, 2009; and (3) filed in the California Supreme Court on December 21, 2009, and denied on June 9, 2010. (Doc. 1, pp. 4-8; p. 31).[2] Assuming, without deciding, that all three petitions were "properly filed" within the meaning of the AEDPA, none of these state court petitions entitles Petitioner to statutory tolling.

A petitioner is not entitled to tolling where the limitations period has *already run* prior to

---

[2] In his response to the Court's Order to Show Cause, Petitioner does not address any additional state habeas proceedings that would entitled him to further statutory tolling.

7

filing a state habeas petition. <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000); <u>Jiminez v. Rice</u>, 276 F.3d 478 (9th Cir. 2001); <u>see</u> <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); <u>Ferguson v. Palmateer</u>, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); <u>Jackson v. Dormire</u>, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).   Here, as mentioned, the limitations period expired on April 24, 2009, approximately three months *before* Petitioner filed his *first* state habeas petition. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA. Therefore, unless Petitioner is entitled to equitable tolling, the petition must be dismissed as untimely.

   D.  Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. <u>See Holland v. Florida</u>, __U.S.__, 130 S.Ct. 2549, 2561 (2010); <u>Calderon v. United States Dist. Ct.</u>, 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." <u>Shannon v. Newland</u>, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   <u>Holland</u>, 2010 WL 2346549 at *12; <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." <u>Miles</u>, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling either in his petition or in his response to the Court's Order to Show Cause, and, based on the record now before

the Court, the Court sees no basis for such a claim.  Petitioner's entire argument vis-a-vis timeliness hinges upon his own meritless construction of the term "impediment" in subdivision (d)(1)(B), which the Court has already rejected.  Accordingly, the Court concludes that Petitioner is not entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed.

## **RECOMMENDATIONS**

For the foregoing reasons, the Court HEREBY RECOMMENDS as follows:

1. The petition for writ of habeas corpus (Doc. 1), should be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of this Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within seven (7) days after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 3, 2010**               /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE